# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SIONG LOONG CHOONG, | Case No. 2:24-cv-02173-RFB-NJK |
| Plaintiff, | **Order** |
| v. | |
| U.S. CUSTOMS AND BORDER PROTECTION, | |
| Defendant. | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff has also filed a complaint. Docket No. 1-1.

## I.   *In Forma Pauperis* Application

Plaintiff filed the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them.   Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

## II.   Screening the Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.   Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723

1  (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim

2  showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

3  *Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations,

4  it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause

5  of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,

6  286 (1986)). The court must accept as true all well-pled factual allegations contained in the

7  complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.

8  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do

9  not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from

10  conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

11  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted

12  by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal

13  construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

14      As an initial matter, in order for the United States, as a sovereign, to be subject to suit, it

15  must waive its immunity. *See Baiser v. Dep't of Justice, Office of United States Trustee*, 327 F.3d

16  903, 907 (9th Cir. 2003).  Sovereign immunity bars a court from exercising subject matter

17  jurisdiction over a particular claim if the United States has not consented to be sued on that claim.

18  *Id*.

19      The Freedom of Information Act ("FOIA") is a part of the Administrative Procedure Act

20  ("APA"). *See United States DOJ v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 754

21  (1989).  The APA waives federal sovereign immunity in certain circumstances to allow equitable

22  relief from agency inaction. *Kriehn v. U.S. Dep't of Transp.*, No. 2:14-CV-1311-GMN-PAL, 2015

23  WL 1546816, at *2 (D. Nev. Apr. 6, 2015) (citing *Heckler v. Chane*y, 470 U.S. 821, 828-29 (1985).

24  However, the APA's waiver is limited and does not extend to claims for monetary damages.  *See*

25  *Western Shoshone Nat. Council v. United States*, 408 F. Supp. 2d 1040, 1048 (D. Nev. 2005)

26  (internal citation omitted).

27      FOIA requires that every federal agency, "upon any request for records which ... reasonably

28  describes such records" make such records "promptly available to any person." *Reporters Comm.*

1   *For Freedom of Press*, 489 U.S. at 754.  "Where a citizen has made a request for information under

2   FOIA, and the agency has refused in whole or in part to produce responsive materials, the act

3   authorizes the citizen to bring suit in federal court challenging the agency's refusal to disclose

4   documents to the requester."  *Nat. Resources Defense Council v. United States Dep't of Defense,*

5   388 F. Supp. 2d 1086, 1094 (C.D. Cal. 2005) (citing 5 U.S.C. § 552(a)(4)(B)).

6           To state a claim under FOIA, a plaintiff must allege that: (1) he made a written request for

7   the records, 5 U.S.C. § 552(a)(3)(A), (2) the requested records were created or obtained by a

8   federal agency, and (3) the agency denied the request and any subsequent administrative appeal,

9   or failed to comply by providing the agency records within the twenty-day statutory time period.

10  *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986); 5 U.S.C. § 552(a)(6)(C).  The twenty-day time

11  period begins to run upon the agency's receipt of the request.  5 U.S.C. § 552(a)(6)(A)(i).

12          Plaintiff fails to state a colorable claim under FOIA.  Plaintiff submits that he made a FOIA

13  request to the United States Customs and Border Protection through its portal to obtain his entry

14  and exit records on January 29, 2024.  Docket No. 1-1 at 3.  Plaintiff further submits that he

15  received no response, until his lawyer reached out on May 16, 2024, and the agency ultimately

16  denied Plaintiff's request.  *Id*.  Plaintiff submitted an appeal with the required documentation and

17  was rejected.  *Id*.  Plaintiff then submitted a follow-up FOIA request on June 9, 2024, which the

18  agency rejected on September 25, 2024.  *Id*.  Plaintiff submitted a third request on September 27,

19  2024, to which he has received no response.  *Id*. at 4.  However, Plaintiff fails to allege that the

20  United States Customs and Border Protection created or is in possession of the documents that

21  Plaintiff seeks.

22          Further, Plaintiff seeks relief in the form of monetary damages.  Docket No. 1-1 at 6.

23  "There is no provision under FOIA which provides for an award of money damages for alleged

24  wrongs by federal agencies."  *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal.

25  1998); *see also O'Toole v. I.R.S.*, 52 Fed. Appx. 961, 962 (9th Cir. 2002) ("O'Toole failed to state

26  a valid FOIA claim because he requested only monetary damages in this action, and the statute

27  does not authorize such relief).  Plaintiff here seeks $1,000 in monetary damages, Docket No. 1-1

28  at 6, which are not recoverable through a FOIA claim.

Accordingly, Plaintiff's allegations in the complaint fail to state a claim under FOIA.  This Court will afford Plaintiff an opportunity to file an amended complaint if the deficiencies identified can be corrected.

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1.  Plaintiff's request to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff is not required to pay the filing fee of $405. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense.

2.  The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket. Docket No. 1-1.

3.  The complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **February 17, 2025** to file an amended complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4.  Failure to comply with this order will result in the recommended dismissal of this case.

IT IS SO ORDERED.

Dated: January 16, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

4