**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SIONG LOONG CHOONG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>　　　　Defendant. | Case No. 2:24-cv-02173-RFB-NJK<br><br>**Order** |

On January 16, 2025, the Court screened Plaintiff's original complaint and dismissed it with leave to amend. Docket No. 5. On February 17, 2025, Plaintiff filed an amended complaint. Docket No.9. The Court herein screens that amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. Standards**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do

1

not suffice. *Id*. at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.    Analysis**

In order for the United States, as a sovereign, to be subject to suit, it must waive its immunity. *See Baiser v. Dep't of Justice, Office of United States Trustee*, 327 F.3d 903, 907 (9th Cir. 2003). Sovereign immunity bars a court from exercising subject matter jurisdiction over a particular claim if the United States has not consented to be sued on that claim. *Id*.

The Freedom of Information Act ("FOIA") is a part of the Administrative Procedure Act ("APA"). *See United States DOJ v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 754 (1989). The APA waives federal sovereign immunity in certain circumstances to allow equitable relief from agency inaction. *Kriehn v. U.S. Dep't of Transp.*, No. 2:14-CV-1311-GMN-PAL, 2015 WL 1546816, at *2 (D. Nev. Apr. 6, 2015) (citing *Heckler v. Chaney*, 470 U.S. 821, 828-29 (1985). However, the APA's waiver is limited and does not extend to claims for monetary damages. *See Western Shoshone Nat. Council v. United States*, 408 F. Supp. 2d 1040, 1048 (D. Nev. 2005) (internal citation omitted).

FOIA requires that every federal agency, "upon any request for records which ... reasonably describes such records" make such records "promptly available to any person." *Reporters Comm. For Freedom of Press*, 489 U.S. at 754. "Where a citizen has made a request for information under FOIA, and the agency has refused in whole or in part to produce responsive materials, the act authorizes the citizen to bring suit in federal court challenging the agency's refusal to disclose

documents to the requester." *Nat. Resources Defense Council v. United States Dep't of Defense*, 388 F. Supp. 2d 1086, 1094 (C.D. Cal. 2005) (citing 5 U.S.C. § 552(a)(4)(B)).

To state a claim under FOIA, a plaintiff must allege that: (1) he made a written request for the records, 5 U.S.C. § 552(a)(3)(A), (2) the requested records were created or obtained by a federal agency, and (3) the agency denied the request and any subsequent administrative appeal, or failed to comply by providing the agency records within the twenty-day statutory time period. *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986); 5 U.S.C. § 552(a)(6)(C). The twenty-day time period begins to run upon the agency's receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

Plaintiff asserts a claim against the United States Customs and Border Protection agency. Docket No. 9 at 1. Plaintiff alleges: (1) that on December 21, 2024, he submitted a FOIA request to United States Customs and Border Protection through its portal to obtain his entry and exit records; (2) that the United States Customs and Border Protection agency is in possession of his entry and exit records; and (3) that, as of February 21, 2025, he has not received a response. Docket No. 9 at 3-4; *see also* Docket No. 9-1 at 1. Based on these allegations, Plaintiff seeks to assert a federal claim arising under FOIA. Docket No. 9 at 4. Plaintiff seeks to recover his entry and exist records. *Id*. at 5.

Accordingly, Plaintiff's allegations in the amended complaint states a claim under FOIA.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall issue summons to Defendant, and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the complaint to the U.S. Marshal for service.

2. Plaintiff is advised to carefully review Fed. R. Civ. P. 4(i) in order to properly serve Defendant.

3. No later than **April 28, 2025**, Plaintiff must furnish the U.S. Marshal with the required Form USM-285.[1] Within twenty-one days after receiving from the U.S. Marshal a

---

[1] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether Defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

4. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished no later than **July 7, 2025.**

5. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: April 7, 2025

Nancy J. Koppe
United States Magistrate Judge